UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DONALD CLOYCE WAGDA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NA, et al.,<br><br>Defendants. | No. 2:19-cv-01064-DAD-DB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 39) |

This matter is before the court on a pending motion to dismiss filed by defendants Bank of America, NA; Bank of America Corporation; Bank of America California, NA; Countrywide Home Loans, Inc.; and Countrywide Securities Corporation ("defendants"). (Doc. No. 39.) On March 16, 2022, defendants' motion was taken under submission on the papers. (Doc. No. 44.) For the reasons set forth below, the court will grant defendants' motion to dismiss.

**BACKGROUND**

On June 11, 2019, relator Donald Cloyce Wagda filed this action under seal on behalf of the United States of America against defendants pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729–33 (the "FCA"). In his complaint, relator alleges that, based on searches of California's Unclaimed Property Database, defendants escheated federal property to the state of California under California's Unclaimed Property Law ("UPL"). (Doc. No. 1 at ¶ 22–23.) In

1

1    total, relator alleges that defendants held 2,806 items of federal property with a face value of over
2    $3,435,448.00.  (*Id.* at ¶ 24.)  Relator contends that defendants should have returned these
3    properties to the United States, rather than escheating the properties to the state of California.  (*Id.*
4    at ¶ 23.)  Accordingly, relator brings three claims against defendants under the FCA:  (1) failure
5    to return federal property pursuant to 31 U.S.C. § 3729(a)(1)(D); (2) knowingly making
6    materially false records and statements pursuant to 31 U.S.C. § 3729(a)(1)(G); and (3) conspiracy
7    to violate the FCA pursuant to 31 U.S.C. § 3729(a)(1)(C).  (Doc. No. 1 at 8–9, 12.)

8        On September 17, 2021, the United States filed a notice informing the court of its decision
9    to decline to intervene in this action.  (*See* Doc. No. 24 at 1.)  Subsequently, on September 21,
10   2021, the court unsealed relator's complaint, and shortly thereafter, defendants were served with
11   copies of the complaint.  (Doc. Nos. 25, 33, 34.)

12       Defendants filed the pending motion to dismiss on February 7, 2022.  (Doc. No. 39.)  On
13   March 15, 2022, relator filed his opposition to the pending motion, and defendants filed a reply
14   thereto on March 18, 2022.[1]  (Doc. Nos. 43, 46.)  On March 23, 2022, relator filed a notice of a
15   constitutional question raised in his opposition to the pending motion to dismiss.  (Doc. No. 47 at
16   1.)  Specifically, relator argues in his opposition that certain provisions of California's UPL are
17   unconstitutional because they are preempted by the FCA.  (*See id.*)

18       On April 29, 2022, the United States filed a statement of interest, in which it states that the
19   United States "has a potential interest in the question Relator raises about the United States
20   Constitution and whether the federal False Claims Act pre-empts California law."  (Doc. No. 51
21   at 2.)  As such, in the event that the court were to decide to certify this question to the state of
22   California, the United States has requested it be granted time to determine whether it needs to
23   comment pursuant to Federal Rule of Civil Procedure 5.1.[2]  (*Id.*)
24   /////
25   /////

---

26   [1]  The parties also filed notices of supplemental authority on June 23, 2022, July 7, 2022, and
27   October 4, 2022.  (Doc. Nos. 54, 55, 59.)

28   [2]  On August 25, 2022, this case was reassigned to the undersigned.  (Doc. No. 56.)

# LEGAL STANDARD

## A. The False Claims Act

The FCA prohibits certain acts of fraud committed against the federal government, including, *inter alia*, having "possession, custody, or control of property or money used, or to be used, by the Government and knowingly deliver[ing] . . . less than all of that money or property" and knowingly making a "false record or statement material to an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(D), (G). "As one enforcement mechanism, the FCA authorizes private parties, known as 'relators,' to bring civil *qui tam* suits on the government's behalf against entities who have allegedly defrauded the government." *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1123 (9th Cir. 2015) (citing 31 U.S.C. § 3730(b)(1)); *see also United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016). "In a *qui tam* suit, the relator asserts the FCA claim 'on behalf of the government, which may choose to intervene in the action.'" *United States ex rel. Wagda v. AT&T Corp.*, No. 2:19-cv-01057-JAM-SC, 2022 WL 2392473 (E.D. Cal. July 1, 2022) (quoting *Seal 1 v. Seal A*, 255 F.3d 1154, 1158 (9th Cir. 2001)). "If the relator is successful, she is entitled to a share of the recovery, whether or not the government intervenes." *Seal 1*, 255 F.3d at 1158 (citing 31 U.S.C. §§ 3730(d)(1), (2)).

## B. Motion to Dismiss for Failure to Join a Party Pursuant to Rule 12(b)(7)

A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(7) for "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19, which governs the circumstances under which persons must be joined as parties to a lawsuit, provides in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

/////

3

        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

                (i) as a practical matter impair or impede the person's ability to protect the interest; or

                (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If it is not feasible for the court to join a person meeting the requirements of Rule 19(a), then pursuant to Rule 19(b), the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

      Thus, when applying Rule 19, "there are three successive inquiries." *Equal Emp. Opportunity Comm. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the court must determine whether an absent party is "necessary" to the action. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). "If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody W. Coal. Co.*, 400 F.3d at 779. Finally, if joinder of the absentee is not feasible, "the court must determine whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe*, 910 F.2d at 558 (9th Cir. 1990) (internal citations and quotations omitted).

## ANALYSIS

      In their motion to dismiss, defendants argue that relator's complaint must be dismissed pursuant to Rule 12(b)(7) because the state of California is a necessary party to the action, but it cannot be joined because it is not a "person" as defined in the FCA. (Doc. Nos. 39-1 at 20–21; 46 at 2 n.1) (citing *Vermont Agency of Nat. Res. v. United States ex rel Stevens*, 529 U.S. 756, 782 (2000) ("Although the liability provision of the original FCA has undergone various changes, none of them suggests a broadening of the term 'person' to include States.") In opposition, relator contends that the state of California—which relator alleges is a co-conspirator of defendants—is not a necessary party pursuant to Rule 19(a)(1)(A) because the relief sought in

this action "may be completely awarded among existing parties without any contribution by the state." (Doc. No. 43 at 16; *see also* Doc. No. 1 at ¶ 47.) Relator also asserts that the state of California is not a necessary party pursuant to Rule 19(a)(1)(B) because "the State of California has no legally protected interest in the subject of this litigation," and "[e]ven if the state's possessory interest [in the subject of this litigation] were legitimate, it would be subordinate to the Federal Government's beneficial interest in the property." (*Id.* at 17.)

The court agrees with defendants that the state of California "clearly has an interest in the property subject to this [a]ction" such that it is a necessary party under Rule 19(a)(1)(B). (Doc. No. 39-1 at 20.) As noted above, relator alleges that the properties at issue in this action have already escheated to the state of California. (*See* Doc. No. 1 at ¶¶ 23, 30.) "As the transferee of the assets at issue, California has an interest in this case." *AT&T Corp.*, 2022 WL 2392473 at \*2. Moreover, "[i]t is the party's *claim* of a protectible interest that makes its presence necessary," and an absentee party is "entitled to be heard" on the issue of whether its claim is viable. *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002) (noting that the Ninth Circuit has rejected the "kind of circularity" inherent in district court determinations that an absentee party is not a necessary party to an action based on a finding *in that same action* that the absentee party's interest would not be legally protected). Thus, it is immaterial whether the State of California's interest is not "legally protected," as relator argues. (*See* Doc. No. 43 at 17.) Relator, in this action, asks the court to find that it was improper for defendants to escheat the property at issue to the state of California and that any state interest in the property is "subordinate to the Federal Government's beneficial interest in the property." (Doc. No. 43 at 17.) The state of California is entitled to be heard on the issue of whether it has a protectible interest in the property. Accordingly, the court finds that the state of California is a necessary party under Rule 19(a).

Having determined that the state of California is a necessary party pursuant to Rule 19(a)(1)(B), the court next considers "whether it is feasible to order that the absentee [party] be joined." *Peabody W. Coal Co.*, 400 F.3d at 779. Relator concedes that the state of California "is not a real person subject to liability under the FCA." (Doc. No. 43 at 16); *see also Vermont*

5

*Agency of Nat. Res.* 529 U.S. at 782; *Bly-Magee v. California*, 236 F.3d 1014, 1017 (9th Cir. 2001) (finding that states and state agencies enjoy sovereign immunity from liability under the FCA); *Dawavendewa v. Salt River Project Agric. Improvement and Power Dist.*, 276 F.3d 1150, 1153 (9th Cir. 2002) (holding that a necessary party could not be joined because it is entitled to sovereign immunity). The court therefore finds it is not feasible to order that the state of California be joined in this action.

The court must next decide whether the state of California is an "indispensable" party, i.e., "whether in 'equity and good conscience' the action can continue without the State." *AT&T Corp.*, 2022 WL 2392473 at *2 (citing Fed. R. Civ. P. 19(b)). In analyzing whether an absentee party is indispensable under Rule 19(b), the factors for the court to consider include: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (2) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). "However, where the absent party cannot be joined in light of sovereign immunity, 'there may be very little need for balancing because immunity itself may be viewed as the compelling factor.'" *Delano Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1168 (E.D. Cal. 2009) (quoting *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996)., *aff'd* 655 F.3d 1337 (Fed. Cir. 2011).

Because California is a necessary party in this action and has an interest in the property at issue in this action, it would be prejudiced by a judgment rendered in its absence. *See AT&T Corp.*, 2022 WL 2392473 at *3 ("Here, since California is a necessary party with an interest in the land, it would be prejudiced by a judgment rendered in its absence."); *Williams v. Arizona*, No. 2:17-cv-03390-PHX-DJH, 2018 WL 6605845 (D. Ariz. Dec. 17, 2018) ("Since Arizona is a necessary party with a protectable interest in Yuma Island, there is no question that it would be prejudiced by a judgment rendered in its absence."), *aff'd* No. 19-15330, 2019 WL 8064707 (9th Cir. Oct. 21, 2019). In addition, a finding in relator's favor would require a determination that escheating certain property to California pursuant to the UPL violates the FCA. (*See, e.g.,* Doc.

No. 1 at ¶¶ 29–31.) Thus, if plaintiff were to prevail in this action, there would be no way to lessen or avoid prejudice to the state of California. Finally, although relator may not have an alternative remedy in the event of dismissal, the United States—on whose behalf this action is brought—would have an alternative remedy in the event of dismissal. *See AT&T Corp.*, 2022 WL 2392473 at *3 (noting that the United States may request any of its property under the UPL) (citing *Harris v. Westly*, 116 Cal. App. 4th 214, 346 (2004)). Accordingly, the court finds that the state of California, which cannot be joined in this action, is a necessary and indispensable party, and the action cannot continue in "equity and good conscience" without it. *See* Rule 19(b).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss under Rule 12(b)(7) for failure to join a party under Rule 19 (Doc. No. 39) is granted without leave to amend.[3] The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 30, 2022**

                                               /s/ Dale A. Drozd
                                               UNITED STATES DISTRICT JUDGE

---

[3] Because the court finds that dismissal is warranted under Rule 12(b)(7), the court need not address defendants' arguments advanced in their motion to dismiss pursuant to Rule 12(b)(6). Likewise, because the court does not reach the constitutional question raised by relator in this action, the court need not grant the United States "time to consider the question and determine whether it will take a position." (*See* Doc. No. 51 at 4).